**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

LONNIE CURTIS VIA

        Debtor

Case No. 3:19-bk-33999-SHB
Chapter 7

# M E M O R A N D U M

**APPEARANCES:**   GWENDOLYN M. KERNEY, ESQ.
        Post Office Box 228
        Knoxville, Tennessee 37901
        Chapter 13 Trustee

        LONNIE CURTIS VIA
        3740 Bent Road
        Kodak, Tennessee 37764
        *Pro se* Debtor

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

The Court entered an Order on January 9, 2020 [Doc. 12], directing Debtor to appear on February 19, 2020, and show cause why his case should not be dismissed and, as authorized by 11 U.S.C. § 349(a), incorporating therein 11 U.S.C. § 109(g), why the Court should not impose a five-year bar against the filing of a bankruptcy case by Debtor under any chapter of Title 11 for his repeated and willful failure to abide by orders of this Court or otherwise comply with the provisions of the Bankruptcy Code.  Thereafter, the Court entered an Amended Order on January 24, 2020 [Doc. 18], granting the Amended Motion by Chapter 13 Trustee to Dismiss Case With Prejudice ("Amended Motion to Dismiss") filed by Gwendolyn M. Kerney, Chapter 13 Trustee, on January 17, 2020 [Doc. 14], and scheduling for February 19, 2020, the request of the Chapter 13 Trustee for the imposition of a five-year bar against Debtor filing a bankruptcy case under any chapter of the Bankruptcy Code.  Counsel for the Chapter 13 Trustee appeared at the February 19, 2020 hearing; however, Debtor did not file a response or appear either at the January 22, 2020 or February 19, 2020 hearings.

## I. FINDINGS OF FACT

The record reflects the following undisputed facts.  Since 2002, Debtor has filed eleven bankruptcy cases, either individually or jointly with his spouse, Staci Gail Dickerson Via.[1]  Of those, ten[2] were Chapter 13 cases that were dismissed for non-compliance with a requirement of the Bankruptcy Code and/or a failure to comply with Orders of the Court:

---

[1] Although Staci Gail Dickerson Via is not a party to this case, the Court takes notice and references the information contained in the Amended Motion to Dismiss concerning Ms. Via's bankruptcy cases:  (1) Case No. 02-38557 filed in the Western District of Tennessee on November 5, 2002, and dismissed on January 10, 2003; (2) Case No. 3:08-bk-33663-rs filed *pro se* on August 26, 2008, and dismissed October 2, 2008; (3) Case No. 3:08-bk-35384-rs filed *pro se* on November 26, 2008, and dismissed January 9, 2009; (4) Case No. 3:09-bk-31047-rs filed *pro se* on February 27, 2009, and dismissed April 2, 2009; (5) Case No. 3:10-bk-30095-rs filed *pro se* on January 11, 2010, and dismissed on February 16, 2010; (6) Case No. 3:10-bk-33049-rs filed p*ro se* on June 28, 2010, and dismissed August 12, 2010; (7) Case No. 3:12-bk-32172-rs filed *pro se* on May 24, 2012, and dismissed with a 365-day bar on July 12, 2012; and (8) Case No. 3:15-bk-32403-SHB filed *pro se* on August 7, 2015, and dismissed September 9, 2015.

[2] Debtor and Staci Gail Via, through counsel, jointly filed Case No. 3:03-bk-32119-rs on April 16, 2003, and received a Chapter 7 discharge on November 6, 2003 [Doc. 13].

(1) Debtor and Staci Dickerson Via, through counsel, jointly filed Case No. 3:02-bk-31347-rs on March 13, 2002.  Debtor did not pay the filing fee and failed to make a plan payment within thirty days as required by 11 U.S.C. § 1326(a)(1), resulting in dismissal on May 3, 2002 [Doc. 9].

(2) Debtor and Stacy Gail Via, through counsel, jointly filed Case No. 02-38557 in the Western District of Tennessee on November 5, 2002.  Debtor did not pay the filing fee and failed to attend the meeting of creditors, resulting in dismissal on January 10, 2003.

(3) Debtor and Staci Gail Dickerson, through counsel, jointly filed Case No. 3:07-bk-30256-rs, on January 29, 2007.  Debtor did not pay the filing fee and failed to make a plan payment within thirty days as required by 11 U.S.C. § 1326(a)(1), resulting in dismissal on March 8, 2007 [Doc. 19].

(4) Debtor and Staci G. Dickerson, through counsel, jointly filed Case No. 3:07-bk-31393-rs on May 1, 2007.  Debtor failed to pay the filing fee as directed by an Order entered May 3, 2007 [Doc. 15], resulting in dismissal on May 21, 2007 [Doc. 23].

(5) Debtor, *pro se*, filed Case No. 3:12-bk-35153-rs on December 28, 2012. Debtor failed (i) to file the required bankruptcy statements and schedules referenced in the Order Regarding Certain Unfiled Documents entered December 31, 2012[3] [Doc. 5]; (ii) to file a declaration under penalty of perjury describing the exigent circumstances that merited a waiver of the credit counseling briefing requirement of 11 U.S.C. § 109(h)(1) as directed by an Order entered January 3, 2013 [Doc. 9]; (iii) to pay the filing fee as

---

[3] Debtor did not file the Statement of Current Monthly Income and Disposable Income Calculation; Statement Regarding Payment Advices; and Chapter 13 Plan.

directed by an Order entered January 3, 2013 [Doc. 8]; and (iv) to appear at the hearing held on the January 3, 2013 Order and the Court's show cause order entered January 17, 2013 [Doc. 11], resulting in dismissal on January 30, 2013 [Doc. 15].

(6) Debtor, *pro se*, filed Case No. 3:14-bk-31206-rs on April 11, 2014.  Debtor failed (i) to file the required bankruptcy statements and schedules referenced in the Order Regarding Certain Unfiled Documents entered April 14, 2014[4] [Doc. 6]; (ii) to file a declaration under penalty of perjury describing the exigent circumstances that merited a waiver of the credit counseling briefing requirement of 11 U.S.C. § 109(h)(1) as directed by an Order entered April 15, 2014 [Doc. 7]; (iii) to pay the filing fee as directed by the April 15, 2014 Order; and (iv) to appear at the hearing held on the Court's directive in the April 15, 2014 Order, resulting in dismissal on April 30, 2014 [Doc. 13].

(7) Debtor, *pro se*, filed Case No. 3:15-bk-30840-SHB on March 19, 2015. Debtor failed (i) to file the required bankruptcy statements and schedules referenced in the Order Regarding Certain Unfiled Documents entered March 20, 2015[5] [Doc. 6]; (ii) to file a Certificate of Credit Counseling; (iii) to pay the filing fee as directed by an Order entered March 23, 2015 [Doc. 6]; and (iv) to appear at the hearing held on the Court's show cause orders entered March 23, 2015 [Doc. 10], and April 7, 2015 [Doc. 13], respectively, resulting in dismissal on April 24, 2015 [Doc. 17].

(8) Debtor and Staci Gail Dickerson, *pro se*, jointly filed Case No. 3:15-bk-

---

[4] Debtor did not file the Statement of Financial Affairs; Summary of Schedules; Statement of Current Monthly Income and Disposable Income Calculation; Schedules A through J; Statement Regarding Payment Advices; and Chapter 13 Plan.

[5] Debtor did not file the Statement of Financial Affairs; Summary of Schedules; Statistical Summary of Certain Liabilities and Related Data; Statement of Current Monthly Income and Disposable Income Calculation; Schedules A through J; Statement Regarding Payment Advices; and Chapter 13 Plan.

32757-SHB on September 11, 2015. Debtor failed (i) to file the required bankruptcy statements and schedules referenced in the Order Regarding Certain Unfiled Documents entered September 15, 2015[6] [Doc. 6]; (ii) to file the Certificate of Credit Counseling; (iii) to pay the filing fee as directed by an Order entered September 15, 2015 [Doc. 6]; (iv) to appear at the hearing held on the Court's show cause orders entered September 15, 2015 [Doc. 7], and September 29, 2015 [Doc. 12], respectively, including a directive to appear and show cause why the case should not be dismissed with a 180-day bar; and (v) to appear at the hearing held on the Motion by Chapter 13 Trustee to Dismiss Case with Prejudice and Notice of Hearing filed October 5, 2015 [Doc. 16], resulting in dismissal on October 22, 2015, and imposition of a two-year bar against either Debtor re-filing a case under the Bankruptcy Code as requested by the Chapter 13 Trustee [Doc. 27].

(9) Debtor and Staci Gail Dickerson, *pro se*, jointly filed Case No. 3:19-bk-31115-SHB on April 8, 2019. Debtor failed (i) to obtain the required pre-petition credit counseling briefing; (ii) to file an amended plan and certificate of service as directed by an Order entered April 25, 2019 [Doc. 28]; and (iii) to appear at the hearing held May 8, 2019, on the Court's show cause order entered April 23, 2019 [Doc. 13], and the Notice of Hearing for the Trustee's Motion to Dismiss filed on April 10, 2019 [Doc. 7], resulting in dismissal on May 14, 2019 [Doc. 36].

(10) Debtor, *pro se*, filed Case No. 3:19-bk-33999-SHB on December 19, 2019. Debtor failed (i) to file the required bankruptcy statements and schedules referenced in

---

[6] Debtor did not file the Statement of Financial Affairs; Summary of Schedules; Statement of Current Monthly Income and Calculation of Commitment Period (Official Form B 22C-1); Statement Regarding Payment Advices; and Chapter 13 Plan. Although not referenced in the September 15, 2015 Order docketed as document 6, Debtors also did not file Schedules C, G, or H. Additionally, the Schedules A, B, D, E, F, I, and J filed by Debtors were in blank and were addressed in the September 15, 2015 Order docketed as document 7.

the Notice of Additional Documents to Be Filed dated December 30, 2019[7] [Doc. 8]; (ii) to file the Certificate of Credit Counseling; (iii) to pay the filing fee as directed in the Order entered December 20, 2019 [Doc. 5]; (iv) to appear at the hearing on the Chapter 13 Trustee's Amended Motion to Dismiss, resulting in dismissal on January 22, 2020 [Doc. 16]; and (v) to appear at the evidentiary hearing held February 19, 2020, on the Court's January 9, 2020 Order [Doc. 12] and the prejudice aspect of the Chapter 13 Trustee's Amended Motion to Dismiss, both of which included a prospective five-year bar.

## II.  CONCLUSIONS OF LAW

Bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Concerning dismissal, pursuant to 11 U.S.C. § 349(a), "[u]nless the court, for cause, orders otherwise, . . . dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."  Section 109(g), which addresses debtor eligibility, expressly states that an individual may not be a debtor if he or she "has been a debtor in a case pending under this title at any time in the preceding 180 days if – the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."  Thus, under this statutory authority, the Bankruptcy Code imposes its own 180-day bar against re-filing by a debtor who has willfully failed to comply with court orders or appear before the Court, and it provides the Court with the authority to issue orders necessary to carry out the provisions of the Code,

---

[7] Debtor did not file the Statement Regarding Payment Advices; Schedules A/B through J; Declaration About Schedules; Summary of Assets and Liabilities and Certain Statistical Information; Statement of Financial Affairs; Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (Form 122C-1); and/or Chapter 13 Plan

including dismissing a case with prejudice for cause.

One form of "cause" is bad faith. Under § 1325(a)(3) and (7), debtors are required to file and proceed in their cases in good faith, and likewise, to propose their plans in good faith, with an almost identical standard as cases concerning good faith and dismissal under § 1307(c). *In re Hall*, 346 B.R. 420, 426 (Bankr. W.D. Ky. 2006). Whether a debtor has filed in bad faith requires examination of the totality of the circumstances and is based on past and present circumstances. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Surety Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 738 (6th Cir. 1994); *In re Glenn*, 288 B.R. 516, 519-20 (Bankr. E.D. Tenn. 2002).

> Courts generally focus on the following factors when determining good faith:
>
> (1) the debtor's income; (2) the debtor's living expenses[;] (3) the debtor's attorney fees; (4) the expected duration of the Chapter 13 plan; (5) the sincerity with which the debtor has petitioned for relief under Chapter 13; (6) the debtor's potential for future earning; (7) any special circumstances the debtor may be subject to, such as unusually high medical expenses; (8) the frequency with which the debtor has sought relief before in bankruptcy; (9) the circumstances under which the debt was incurred; (10) the amount of payment offered by debtor as indicative of the debtor's sincerity to repay the debt; (11) the burden which administration would place on the trustee; and (12) the statutorily-mandated policy that bankruptcy provisions be construed liberally in favor of the debtor.

*Soc'y Nat'l Bank v. Barrett (In re Barrett)*, 964 F.2d 588, 592 (6th Cir. 1992). Other relevant factors include "the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt[,] and whether any inaccuracies are an attempt to mislead the court[.]" *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 859 (6th Cir. 1988) (citation omitted). Courts also look to the following:

> the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the

bankruptcy court and the creditors.

*Alt v. United States (In re Alt)*, 305 F.3d 413, 419 (6th Cir. 2002) (citation omitted). Weighing these factors ─ "which 'may circumstantially reflect the debtor's motivation, and ultimately his "good faith,"' in seeking relief under chapter 13" ─ assists courts in determining whether "the debtor's purpose in filing for chapter 13 relief is consistent with the underlying purpose and spirit of chapter 13 – i.e., financial 'rehabilitation through repayment of debt' – [and if] the filing is likely in good faith." *Condon v. Brady (In re Condon)*, 358 B.R. 317, 326 (B.A.P. 6th Cir. 2007) (internal citations omitted).

"While multiple filings are not, in and of themselves, improper or indicative of bad faith, a history of multiple filings and dismissals may be construed as bad faith." *Cusano v. Klein (In re Cusano)*, 431 B.R. 726, 735 (B.A.P. 6th Cir. 2010) (citing *In re Glenn*, 288 B.R. at 520).

> Bad faith can be demonstrated in a variety of ways, including serial filings with failure to make plan payments. *In re Grischkan*, 320 B.R. 654, 661 (Bankr. N.D. Ohio 2005). Other indicators include serial filers who "repeatedly [seek] the protections of the Bankruptcy Code in an effort to thwart the foreclosure efforts of [creditors]", and those who "frustrate[] the bankruptcy process," such as by failing to pay filing fees in installments and produce required documents." *In re Lee*, 467 B.R. 906, 919 (B.A.P. 6th Cir. 2012); *see also In re Morris*, No. 3:10-BK-04143, 2010 WL 3943927, at *9-10 (Bankr. M.D. Tenn. Oct. 6, 2010) (failure to pay filing fee or file certificate of credit counseling were two of the facts in the court's decision to dismiss with prejudice). Repetition of the same conduct "strengthens the inference that the conduct was deliberate," and the court will "infer from a pattern of dismissals and refilings in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process." *In re Nelkovski*, 46 B.R. 542, 544 (Bankr. N.D. Ill. 1985).

*In re Wilcoxon*, No. 18-62228-rk, 2018 WL 6016540, at *3 (Bankr. N.D. Ohio Nov. 15, 2018).

Although courts must find that imposition of a particular sanction is "commensurate with the egregiousness of the conduct," the purpose of adding § 109(g) was to address abuse of the system, including "the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure

under a mortgage or other security interest." *In re Cline*, 474 B.R. 789 (Table), No. 11-8075, 2012 WL 1957935, at *7 (B.A.P. 6th Cir. June 1, 2012) (citations omitted).

> "Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for dismissal with prejudice pursuant to § 349(a)." *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 335 (2d Cir. 1999) (quoting *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1993)). Additionally, when "cause" exists to dismiss a bankruptcy case, the length of time a debtor is barred from refiling is a matter committed to the bankruptcy court's discretion.

*In re Jordan*, 598 B.R. 396, 408 (Bankr. E.D. La. 2019).

Thus, if there is sufficient cause, courts have the authority under 11 U.S.C. §§ 105(a) and 349(a) to sanction abusive debtors with a prohibition against filing for more than the 180 days set forth in § 109(g)(1). *In re Cusano*, 431 B.R. at 737; *see also In re Jordan*, 598 B.R. at 408-09 ("[T]he majority of courts – including the Second Circuit, Fourth Circuit, Sixth Circuit Bankruptcy Appellate Panel, and Eight Circuit Bankruptcy Appellate Panel – considering this issue have ruled that the bankruptcy court has the power and authority to prohibit serial filers from filing petitions beyond the scope of the 180-day period by virtue of sections 349(a) and 105(a)." (citations omitted)); *In re Henderson*, No. 12-50376, 2012 WL 4498887, at *1–2 (Bankr. S.D. Ohio May 4, 2012) (stating that while "only egregious behavior that demonstrates bad faith and prejudices creditors will warrant a permanent bar from refiling," a debtor who had filed four prior Chapter 13 cases that had been dismissed and had received discharges in two Chapter 7 cases was a serial filer whose bankruptcy cases "had the effect of staying creditor's [*sic*] attempts to collect what they [were] owed repeatedly for almost two decades," resulting in her being permanently enjoined from filing another case or receiving a discharge of the debts scheduled in that case).

As confirmed by these authorities, dismissal with prejudice requires cause, and imposing

a five-year bar is reserved for the most egregious of cases. *See, e.g., In re Jordan*, 598 B.R. at 411 (imposing a five-year bar after finding that "a review of Debtor's past filings provides evidence to prove that Debtor's failures were intentional and willful"); *In re Wilcoxon*, 2018 WL 6016540, at *3 (imposing a five-year bar because the debtor "repeatedly demonstrated that he does not take the foundational requirements of bankruptcy filings seriously" by continually frustrating creditors, not providing proof that he took the pre-petition credit counseling briefing, and not making any filing fee payments in his cases).

Here, based on a totality of circumstances, the Court finds that cause exists to impose such a bar. Debtor has a long history of multiple filings and dismissals based on his failure to comply with the threshold requirements of the Bankruptcy Code and orders of this Court, and the Court finds that his failures to do so were willful and intentional. Debtor apparently did not learn from the two-year bar imposed by this Court in 2015. This is Debtor's eleventh case since 2002, and only one of those cases resulted in a discharge (Case No. 3:03-bk-32119-rs). Debtor did not dispute the averments of the Chapter 13 Trustee in her Amended Motion to Dismiss that his mortgage arrearage has increased from $11,529.26 to $16,237.18. [*See* Doc. 14.] Further, the Court takes judicial notice that the record shows that the mortgage balance appears to have increased from $204,276.39 in 2007 [Claim No. 5-1, filed February 21, 2007, in Case No. 3:07-bk-30256-rs] to $374,286.32 in 2019 [Claim No. 2-1, filed April 30, 2019, in Case No. 3:19-bk-31115-SHB].

Debtor has neither paid the filing fee in any case filed under Chapter 13 (i.e., ten cases) nor has he taken (or at least he has failed to provide proof that he has taken) the pre-petition credit counseling briefing required by 11 U.S.C. § 109(h). In the last six cases filed, all of which were filed *pro se*, Debtor failed to file any of the documents required by 11 U.S.C § 521.

Additionally, Debtor has failed to appear for any hearing on the Chapter 13 Trustee's various motions to dismiss or any of the Court's orders to appear and show cause in any of his cases, including, most recently, the February 19, 2020 hearing in this case, even though January 9, 2020 Order and the Chapter 13 Trustee's Amended Motion to Dismiss both expressly warned Debtor that the Court was considering a five-year bar against his refiling any case under any chapter of the Bankruptcy Code.

For the foregoing reasons, the Court finds that Debtor's failure to abide by the requirements of the Bankruptcy Code and orders of this Court, as well as his failure to appear and properly prosecute any of his Chapter 13 bankruptcy cases, was intentional and willful, such that imposition of a five-year bar against his refiling any case under any chapter of the Code is appropriate. An Order consistent with this Memorandum will be entered.

FILED: February 27, 2020

BY THE COURT

*s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE